**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs. Case No. 3:26-cr-103-MMH-LLL

CHRISTOPHER MICHAEL
LAWHON
_________________________________/

# ORDER

**THIS CAUSE** is before the Court on Defendant Christopher Lawhon's Motion to Dismiss for Lack of Venue (Doc. 27; Motion), filed September 14, 2026. In the Motion, Lawhon seeks dismissal of the Indictment (Doc. 13), filed May 14, 2026, in which Lawhon is charged with one count of production of child pornography. See Motion at 1; Indictment at 1. On September 28, 2026, the United States responded to the Motion. See United States' Response in Opposition to Defendant's Motion to Dismiss for Lack of Venue (Doc. 32; Response). Accordingly, this matter is ripe for review.

In the Motion, Lawhon argues that the Indictment is facially insufficient to establish venue and should be dismissed. See Motion at 1. In the Indictment, the United States asserts that Lawhon committed the offense "in the Middle District of Florida, the Northern District of Georgia, and elsewhere," between December 6, 2020, and May 7, 2026. See Indictment at 1. Lawhon contends that

the charge in the Indictment stems from one image that was created in the Northern District of Georgia in 2020, and, as such, there is no connection to the Middle District of Florida. See Motion at 2. In addition, he argues that the image was not on his phone when he entered the Middle District of Florida. See Motion at 2. In support, he attaches a Digital Forensics Summary Report (Doc. 27-1; Forensic Report), Lawhon asserts shows that law enforcement officers downloaded the file to his phone so Lawhon did not travel into the Middle District of Florida with the image. See Forensic Report at 11. In response, the United States argues that because the offense with which Lawhon is charged is a continuing offense, venue would be proper wherever Lawhon possessed the image. See Response at 3. And the Indictment "plainly states" that he committed the offense in the Middle District of Florida. Id. at 2.

"The Constitution, the Sixth Amendment, and Rule 18 of the Federal Rules of Criminal Procedure (Rule(s)) guarantee defendants the right to be tried in the district in which the crime was committed." United States v. Breitweiser, 357 F.3d 1249, 1253 (11th Cir. 2004) (citations omitted). Under Rule 12(b)(3)(A)(i), a defendant may file a pre-trial motion alleging a defect in prosecution because of improper venue. However, where there is a facially sufficient indictment with a clear statement of venue, a court is not permitted to make a pre-trial determination on the propriety of venue. United States v. Snipes, 611 F.3d 855, 866 (11th Cir. 2010). Instead, in such a circumstance,

venue is a question to be determined by a jury at trial. Id. at 865–67 ("It is by now well-settled that venue is an essential element of the government's proof at trial.").

In considering Lawhon's challenge to the Indictment, the Court recognizes that the facial validity of an indictment "is to be tested not by the truth of its allegations but 'by its sufficiency to charge an offense.'" United States v. Mann, 517 F.2d 259, 266 (5th Cir. 1975) (quoting United States v. Sampson, 371 U.S. 75, 78–79 (1962)).[1] The Court must take all allegations in the indictment as true and cannot consider extrinsic evidence. Mann, 517 F.2d at 266–67. Notably, an indictment does not have to "allege in detail the factual proof that will be relied upon to support the charges." United States v. Crippen, 579 F.2d 340, 342 (5th Cir. 1978). Additionally,

> [i]n ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes. It is well-settled that a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial.

United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (internal citation and quotation omitted). And the Eleventh Circuit Court of Appeals has unequivocally instructed that, "[t]here is no summary judgment procedure in

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence." United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). Nevertheless, "[i]t is perfectly proper, and in fact mandated, that [a] district court dismiss an indictment if the indictment fails to allege facts which constitute a prosecutable offense." United States v. Coia, 719 F.2d 1120, 1123 (11th Cir. 1983).

Here, the Indictment contains a clear statement of venue, stating that the offense occurred "in the Middle District of Florida, the Northern District of Georgia, and elsewhere." See Indictment at 1. And Lawhon is charged under 18 U.S.C. § 2251(a), which the Eleventh Circuit has found to be a "continuing offense." United States v. Kapordelis, 569 F.3d 1291, 1308 (11th Cir. 2009). The United States thus alleges venue is proper under 18 U.S.C. § 3237(a), which allows for continuing offenses to be "inquired of and prosecuted in any district in which such offense was begun, continued, or completed." As such, if Lawhon had a sexually explicit image of a minor on his phone when he entered the Middle District of Florida, as the Indictment charges, venue would be proper in this Court. See Kapordelis, 569 F.3d at 1307–08 (finding that venue was proper in the Northern District of Georgia despite the charged explicit images being produced in South Carolina and Greece because the defendant possessed those images in Georgia). Although Lawhon challenges the truth of this allegation based on the Forensic Report, it would be improper for the Court to review the

report and make a factual finding. Indeed, as Lawhon recognizes in his Motion, "an indictment should not be dismissed for improper venue if the facts alleged in the indictment, if true, would be sufficient to support venue." See Motion at 6. In this case, venue is a question to be determined by a jury at trial. See Snipes, 611 F.3d at 866. For this reason, the Motion is due to be denied.

Accordingly, it is

**ORDERED:**

Lawhon's Motion to Dismiss for Lack of Venue (Doc. 27) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of November, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc37
Copies to:
Counsel of Record